IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GLORIA HILL,

               Plaintiff,

      vs.

J. MICHAEL COFFEE, Judge,

               Defendant.

**8:20CV541**

**MEMORANDUM
AND ORDER**

Plaintiff Gloria Hill, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 9.) The court now conducts an initial review of Hill's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I.  SUMMARY OF COMPLAINT

Hill was sued on January 28, 2020, in Douglas County Court (Case No. CI 20 2052) in a forcible entry and detainer action. Judgment was entered for the plaintiff, 100 Year Homes, Inc., on February 26, 2020, and Hill's motion to reconsider, based primarily on jurisdictional issues, was denied after a hearing on May 21, 2020.

One of Hill's jurisdictional arguments in Douglas County Court was, "I' am State Citizen of the Republic State of California and as such eviction court does not have jurisdiction. . . . The eviction court lacks jurisdiction to hear this case because I'm a State citizen not subject to the court statutory jurisdiction I'm not a citizen of the United States the federal corporation." JUSTICE Public Database, www.nebraska.gov, Case No. CI 20 2052, Electronic Supplemental Transcript,

Image ID D05357149C01 at p. 21 (June 4, 2020).[1] Likewise, here Hill claims she is "an official diplomatic representative of the Republic State of California and must be given due respect and freedom from local, county state and U.S. statutes codes rules and regulations." (Filing 1 at CM/ECF p. 10.)

Hill appealed the county court judgment to the District Court of Douglas County, Judge J. Michael Coffey presiding. The case was dismissed for lack of prosecution on August 28, 2020. Hill now sues Judge Coffey, claiming he violated the Administrative Procedures Act of 1946 and numerous federal criminal statutes when he "took unlawful jurisdiction and the attorney's unlawful foreclosure case" and "dismissed my jurisdictional challenge with an affidavit without demanding the attorney respond on the merits." (Filing 1 at CM/ECF pp. 1-2.) Hill "demands all the orders from Judge Coffee [sic], be vacated." (Filing 1 at CM/ECF p. 7.)

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also*

---

[1] Federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996); *see also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (federal courts may take judicial notice of judicial opinions and public records); *Stahl v. United States Dep't of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) (taking judicial notice of public records, and considering such materials in a motion to dismiss).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Hill sues a Douglas County District Judge for rulings he made in Hill's appeal from a county court judgment. A judge is immune from suit, including suits brought under 42 U.S.C. § 1983, to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Woodworth*, 891 F.3d at 1090-91 (quoting *Schottel*, 687 F.3d at 373).

An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). Further, where immunity is concerned, the scope of a judge's jurisdiction must be construed broadly. *Schottel*, 687 F.3d at 373. "'[A]n action—taken in the very aid of the judge's jurisdiction *over a matter before him*—cannot be said to have been taken in the absence of jurisdiction.'" *Schottel*, 687 F.3d at 373 (quoting *Mireles v. Waco*, 502 U.S. 9, at 13 (1991)).

Here, Judge Coffey's handling of an appeal from the county court and dismissing the matter for lack of prosecution were clearly acts normally performed by a judge in his or her judicial capacity. As to Hill's complaint that Judge Coffey created "an unfair advantage for fellow [bar] members to my detriment" (Filing 1 at CM/ECF p. 2), judicial immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). It is also clear that Judge Coffey did not act in complete absence of all jurisdiction because Nebraska law grants jurisdiction over forcible entry and detainer actions to district and county courts. Neb. Rev. Stat. § 25-21,219 (Westlaw 2021). Therefore, Judge Coffey is immune from Hill's suit against him.

Alternatively, consideration of Hill's claims is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject-matter jurisdiction over challenges to state-court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state-court judicial proceeding. *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief). As alleged, Plaintiff asks this court to reject the state court's determination of an appeal from county court, and this court lacks jurisdiction to do so.

Accordingly,

IT IS ORDERED:

1.      This case is dismissed without prejudice, as the Defendant has judicial immunity from suit and, alternatively, this court lacks subject-matter jurisdiction over Plaintiff's claims.

2.      Plaintiff's Motion for Recusal of Judge Coffee (Filing 5) and Motion for Default Judgment Against J. Michael Coffee (Filing 7) are denied as moot.

3.      Judgment shall be entered by separate document.

DATED this 21st day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge